Day, Chief Judge.
The original action was brought in the Court of Common Pleas of Mahoning county, by Noah Reynolds and others against Margaret Evans, to recover possession of two lots of land. Both parties claimed by descent from Morgan Reynolds, who died seized of the laud in fee simple. Morgan Reynolds died without issue. The plaintiffs in the action claimed to be his next of kin. The defendant claimed to be his wife. If she was his lawful wife, it is admitted that, under the statute of descents, *164 she is entitled, to the land. That she was married to Reynolds is not disputed. But the plaintiffs claimed the marriage to he void, for the reason that, when she was married to Reynolds, she had a living husband by a former marriage. Nor did the defendant deny that she had been previously married, nor that her husband by such marriage-was living at the time of her marriage with Reynolds. But she claimed that, by the statutory law of Great Britain where such former marriage was solemnized, the marriage-was void. The real question, therefore, to be determined, was whether the former marriage of the defendant was-void.
On the trial, a printed volume of the statutes of Great Britain, containing an act relating to marriage, was given in evidence; and the defendant gave evidence, from which, it was claimed that, under that act, the marriage of the defendant in Great Britain was void.
The court rendered judgment against the defendant. She moved for a new trial, and the motion was overruled. To the overruling of the motion for a new trial the defendant excepted, and took a bill of exceptions purporting to set out all the evidence. As to the British statute relied on, the bill of exceptions merely states as follows : “ that the plaintiffs gave in evidence chapter 76 of the statutes of the Parliament of Great Britain, passed in the fourth year of the reign of George IV, relating to marriages, contained in a printed volume of statutes purporting to have been published by the authority of Great Britain.” But a copy of the act is not made part of the bill of exceptions, though what purports to be a copy is furnished to us.
We can not take judicial notice of the statutes of a foreign country; nor could the court below on the trial of the case. Foreign statutes, when relied on by a party, must be proved by competent evidence, like any other fact material to the case. They can not, therefore, be regarded by a reviewing court, unless they are made part of the record of the case to be reviewed. This was not done in the case before us. We can not, therefore, look to the act, it- *165 ■being outside of the record, to determine whether or not the court below erred in holding that it did not invalidate the marriage in question.
The record clearly shows that the defendant was married in Wales, to one James Williams, with whom she lived, as her husband, for a number of years, and that he was living at the time she married Morgan Reynolds, the ■ decedent.. She was, therefore, incompetent to contract marriage at the time she married Reynolds, unless her former marriage was void. But that marriage must be pre■sumed to be lawful till some enactment which annuls it is produced and proved by those who deny its lawfulness. Carmichael v. The State, 12 Ohio St. 553. The record fails to show that the defendant’s former marriage was unlawful. We can not, therefore, say that the court below erred in holding that her marriage to Reynolds was void.
It is claimed that the court of common pleas erred in ■overruling an exception by the defendant below to certain -depositions taken by the plaintiff in Wales, on the ground that the package containing the depositions was not properly addressed to the clerk of the court.
The 347th'section of the code provides that depositions taken pursuant to the code, “ shall be sealed up and indorsed with the title of the cause and the name of the officer taking the same, and by him addressed and transmitted to the clerk of the court where the cause or proceeding is-pending.”
Every requirement of this section was fully complied •with. The defect complained of was, that the address to the clerk was on an outer sealed envelope, which inclosed .another sealed envelope inclosing the depositions.
The address to the clerk was on the outer envelope only; but the inner envelope contained all the requisite indorsements, except the address to the clerk. This was a substantial compliance with the statute. The depositions were ■sealed up, indorsed, addressed, and transmitted to the clerk. 'This was all that was required by either the letter or spirit *166 of the statute. The depositions were duly received by the' proper clerk, with whom they remained under seal, until they were opened by him, at the request of the defendant’s attorney, as authorized by law. The purposes of the statute could have been no more effectually accomplished, had the address to the clerk and requisite indorsements all been on the same envelope.
On the trial the defendant objected to the giving of these depositions in evidence, so far as they tended to prove the marriage of the defendant to James Williams, But the court permitted them to be read. Though we are not satisfied that either of them are inadmissible for the purpose of proving the marriage in question, we do not deem it necessary to determine whether they were or not;. for it appears from the record, that, on the trial, the defendant admitted that she was married to James Wiliams, and therefore she was not prejudiced by the depositions. The controversy turned, not upon the fact of the mariage, but upon the validity of the marriage. The admission of this evidence, then, so far as it tended to prove the marriage admitted by the defendant, which was the whole extent of the exception, not being to the prejudice of the plaintiff in error, is not a sufficient ground for a reversal of the judgment.
Nor is there any foundation in fact, if there could be one in law, for the point made for the plaintiff in error, based on her long separation from her husband, James Williams, and want of knowledge in respect to him, when she married Morgan Reynolds, the decedent. The evidence skoivs that she left Williams in Wales, and came to' America with another man; that Williams has ever resided in the neighborhood where they were married and lived, and that she knew, or had the means of knowing,, that he was living when she married Morgan Reynolds.

Judgment affirmed.